9   584
109  601

## CITY OF NEW ORLEANS *v.* THE POYDRAS ASYLUM.

By the Act of 1850, all property belonging to charitable institutions is exempt from taxation.

APPEAL from the Sixth District of New Orleans, *Cotton*, J. *Labatt & Eustis, Jr.*, for plaintiff and appellant. *Semmes & Edwards*, for defendant.

VOORHIES, J. (OGDEN, J., absent.) The Poydras Asylum, a charitable institution, incorporated by an Act of the Legislature, claims to be exempted by

law from the payment of the taxes imposed upon its property by the city of New Orleans.

The property occupied and used by the Poydras Asylum for its charitable purposes, is assessed at $25,000. A portion of this property, valued at $10,000, was leased out as a garden during the years 1852 and 1853, and the rents thereof received by said institution. The residue of its property, situated in different parts of the city of New Orleans, is leased out and the rents thereof applied to the maintenance and education of the female orphans.

The exemption claimed by the defendant is based on the Act of the 21st of March, 1850, entitled "an Act to exempt the property held by charitable institutions from municipal taxation." It declares, "that the property of the Female Orphan Asylum of New Orleans, of the Poydras Asylum, of the Orleans Catholic Association for the Relief of Male Orphans, of the Milne Asylum, and the property of all other charitable institutions, be and the same are hereby exempted from any taxation by the city of New Orleans, or the several municipalities thereof."

It is contended by the city, that this exemption merely applies to the *situs* of these institutions, and not to any other property owned by them.

It is undeniable, that the revenues derived from the property for which the exemption is claimed, are devoted to the charitable purposes for which the Poydras Asylum was established. Without such revenues or donations made to it, it is obvious that this institution would fail to accomplish the praiseworthy public object for which it was established. Its successful operation may be considered as an auxiliary in the administration of the municipal government, which is under obligation to provide for its paupers.

The language used by the Legislature in the Act of 1850, is plain and unequivocal, and, in our opinion, clearly extends, without any discrimination, the exemption from taxation to all property held by charitable institutions. By the Act of 1847, the sites of these institutions were exempted from taxation; it is therefore clear that the Legislature, by the Act of 1850, intended to grant them a more extensive exemption. But if the least doubt existed in our minds as to the true construction of this statute, it is clear that the defendant would be entitled to the exemption claimed under the Acts of the 12th of March, 1836, and 25th of March, 1844. By the first of these acts, it is provided, that "all the property, real and personal, belonging to the Orphan Boys' Asylum of New Orleans, be, and the same is hereby exempted from all taxation either by the State, parish, or city in which it is situated;" and by the other, it is provided, "that the exemption from taxation passed in favor of the Orphan Boys' Asylum of New Orleans, by Act approved 12th of March, 1836, be extended to all other Orphan Asylums in the State, &c., and that they be exempted from parish and municipal, as well as State taxation."

The corporation of New Orleans derives the power of taxation from the Legislature; and as the Legislature has expressly withheld from it the power to tax defendants' property, the attempt to tax such property must necessarily be abortive.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.