### CITY OF NEW ORLEANS *v.* CONGREGATION DISPERSED OF JUDAH.

Full effect is given by the Supreme Court to evidence received in the inferior courts without objection. The party against whom evidence is offered, the introduction of which might be resisted, must object at the time it is presented, and if his objections are overruled, take a bill of exceptions.

By the Act of 1856, a distinction is made between that property, belonging to charitable institutions, which is in use for the purpose of exercising the charitable objects of the institution,—as for instance, the asylum ; and that other property belonging to the association yielding revenues to its coffers. The former is exempt from taxation, while the latter has not the benefit of this exemption.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *W. O. Denègre*, for plaintiff. *Hyams, Labatt & Jonas*, for defendant and appellant.

VOORHIES, J. The defendants, being sued for city taxes for the years 1856 and 1857, resist the plaintiff's demand on the ground that theirs is a charitable institution, and that their property is, by statute, exempt from taxation.

There is, in the record, an exception filed to the mode of bringing this suit, and an answer on the merits; but the exception came up for trial at the same time as the cause on the issue joined. The defendants, then, have not waived their plea by filing an answer. They insist upon the following points, to-wit :

1st. That the plaintiff has failed to show the published list, as required by law, during the fifteen days, and no secondary evidence can be permitted to supply it ; that is the citation.

2d. That the bills have not been lodged in suit by the officer designated by law to initiate legal proceedings.

As regards the first point, the defendants have no right now to complain of the reception of secondary evidence, inasmuch as they have not taken a bill of exception to the ruling of the District Judge. It is the settled practice of this court to give full effect to evidence received in the inferior courts without objection. The party against whom is offered evidence, the introduction of which might be resisted, must object at the same time it is presented, and, if his objections are overruled, take a bill of exceptions.

The 10th section of the Act of 1856, p. 159, provides : " that on the 2d Monday of May of each year, the Treasurer shall put in suit in a court or courts of competent jurisdiction, all unpaid bills for taxes levied upon property assessed in their several Districts, and all bills for taxes levied upon property shall contain a description of said property, as set forth in the assessment rolls."

An inspection of the bills sued upon shows that the City Treasurer has, in compliance with the above section of the City Charter, initiated the present proceedings ; and that he has done so with the assistance of the Assistant City Attorney. The objection taken on that score was, consequently, unfounded.

Previously to the passage of the Act of 1856, the city authorities could not tax property belonging to charitable institutions. Act 21st March, 1850 ; *City of New Orleans v. Poydras Asylum,* 9 An. 584.

The Act of 1856 exempts from taxation " every poor-house, alms-house, cemetery, house of industry, and every house belonging to a company incorporated for the reformation of offenders, or for the refuge of the poor, and the several lots and grounds whereon such houses are situated, together with the furniture belonging to the same, and all halls or edifices of Masonic, Odd Fellows, and other charitable societies." Session Acts 1856, p. 147, § 40, No. 4.

Under the provisions of this law, the city of New Orleans can tax certain property belonging to charitable associations ; but there is a distinction to be kept in view. The property which is in use for the purpose of exercising the charitable purposes of the institution,—as for instance, the asylum,—is exempt from taxation ; whilst other property belonging to the association, yielding revenues to its coffers, have not the privilege or benefit of this exemption.

The property, upon which the defendants deny the right of the plaintiff to impose a tax, is the block of stores on Canal Street, known as the Touro Buildings, forming the corner of Bourbon and Canal Streets, and occupied as an extensive dry goods establishment, at the yearly rent of $5,500. These are used for the support of the synagogue and its charities towards unfortunate persons of the Jewish persuasion. It is evident, then,—keeping in view the distinction laid down upon this subject,—that this property, although free from taxation previously to the Charter of 1856, has since become subject to be taxed by the municipal authorities.

Judgment affirmed.

LAND, J., absent.