## No. 9214.

### NEW ORLEANS FEMALE ORPHAN ASYLUM VS. J. D. HOUSTON, STATE TAX COLLECTOR.

The property of the New Orleans Female Orphan Asylum is entitled to the same exemption from taxation which has been extended to, and judicially recognized in favor of the Poydras Orphan Asylum. Act No. 96 of 1844; 33 Ann. 850.

That exemption extends to other property, such as stores owned by the corporation and rented for revenue, which is used exclusively for the charitable purpose of maintaining the asylum, as well as to the property actually used and occupied as an asylum.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

T. Gilmore & Sons for Plaintiff and Appellant.

Blanc & Butler, for Defendant and Appellee.

---

The opinion of the Court was delivered by

POCHÉ, J.  Plaintiff resists by injunction the collection of State taxes for the years 1874, 1875 and 1876, on the ground that the property on which said taxes are levied is exempt from State and municipal taxation.

The answer is a general denial, and judgment was rendered in favor of defendant.  Plaintiff appeals.

The principal contention of the defendant is that the property alleged to be exempt from taxation, consists of stores which are rented for income, and are not actually used as an orphan asylum.

With the exception of a difference in dates, the facts and circum-
stances involved in this case are absolutely identical with the points
presented, discussed and disposed of in the case of the City of New
Orleans vs. Poydras Orphan Asylum, 33 Ann. 851. As was the case
with the Poydras, the charter of this asylum is silent on the subject of
exemption from taxation; and like the former its exemption resulted
from subsequent legislation, and as was the case with the Poydras Asy-
lum, the property sought herein to be exempted is not the building ac-
tually used or occupied as an asylum, but consists of other property
which is rented, and the revenue of which is used exclusively for the
maintenance of the asylum, and for the support of its inmates.

Act No. 96, approved March 25, 1844, which exempts the property of
this corporation from taxes, specially provides that the exemption
therein granted shall be precisely similar to that extended to the
Poydras Asylum under the provisions of the Act of March 12, 1836.

The similarity of the two cases is so apparent, that any reasoning
which we could use in the present case would be a mere repetition of
the discussion of the Poydras case, and would serve no useful purpose.

Defendant can derive no strength or relief from the opinion in the
case of the City of New Orleans vs. St. Anna's Asylum, 31 Ann. 292,
for the reason that that decision has recently been reversed by the Su-
preme Court of the United States. 105 United States Reports, p. 362.

Under the conclusions announced in the Poydras Asylum case, plain-
tiff is unquestionably entitled to the exemption claimed.

It is, therefore, ordered, adjudged and decreed that the judgment ap-
pealed from be annulled, avoided and reversed, and it is now ordered
that the assessments of plaintiff's property for taxes be cancelled and
annulled, and that the injunction herein granted *in limine* be made per-
petual at defendant's costs in both courts.

## CONCURRING OPINION.

FENNER, J. I yield my concurrence in this decree under the princi-
ple of. *stare decisis.*

I have sought in vain for a single substantial feature distinguishing
this case from that of the City vs. Poydras Asylum, 33 Ann. 851.

In the report of that case will be found a full statement of the cogent
reasons which prompted my dissent from the decree therein. One of
the strongest of those reasons was that it was contrary to prior decis-
ions on the same subject, in which connection I used the following
language : " It is, to my mind, a violation of the cardinal rule that
constitutions should receive an unvarying interpretation. 'The mean-

ing of a constitution,' says Judge Cooley, 'is fixed when it is adopted, and it is not different at any subsequent time when a court has occasion to pass upon it.' It is not made to mean one thing to-day and another thing to-morrow."

These principles are entitled to application here.

It would be a scandalous commentary upon the uncertainty of even the organic law and the vacillation of courts, if, as regards two orphan asylums having precisely the same right, we should grant exemption to one and refuse it to another.

*Misera est servitus ubi jus vagum aut incertum est.* Then, obedience to law becomes an intolerable hardship. In matters of constitutional rights especially, it is the duty of courts "to keep the scale of justice even and steady and not liable to waver with every new judge's opinion."

I take occasion to say, however, that I do not hold myself bound by this rule, except so far as identical cases are concerned.

For these reasons I concur in the decree.

---

### DISSENTING OPINION.

MANNING, J. The permission given by the Constitution of 1868 to the legislature to exempt from taxation property actually used for charitable purposes was uniformly construed by the courts organized thereunder to restrict the exemption to property while in actual use, and to exclude from exemption all property leased for profit although the rents formed the income which was used for charitable purposes. N. O. v. Mechanic Soc. 27 Ann. 436; N. O. v. St. Patrick Hall, 28 Ann. 512; N. O. v. St. Anna Asylum, 31 Ann. 292.

It is true the St. Anna Asylum decision was reversed on a writ of error, but for the reason that the charter of that institution contained the exemption and created a contract which could not be violated, and this inviolability was pleaded in bar of the claim for taxes. No such claim is made in this case nor could be. The exemption was by legislative act after the incorporation of the plaintiff asylum.

The whole subject came under review in the Poydras Asylum case and was so exhaustively treated as to render a renewal of the discussion both unnecessary and tedious. I content myself with saying that the dissenting opinion of Mr. Justice Fenner in that case expresses my views, and for the reasons therein given I dissent from the majority opinion in this case,

I recognise however the injustice that would be done by subjecting the plaintiff, and other charitable institutions *in consimili casu*, to the payment of taxes while the Poydras Asylum has been decreed exempt, and I shall in future adopt the ruling in that case as final.