Graugnard vs. Forsyth.

## No. 10,964.

### J. B. C. GRAUGNARD VS. LUCIUS FORSYTH, JR.

A party having entered into an agreement authorizing the sheriff to retain an amount, part of the proceeds of the sale of a plantation realized under executory process; not having alleged that the agreement had been violated; having introduced a copy of it in evidence without any limitation or restriction; having proven certain facts by the agreement, which, had they not been proven, might have resulted in a loss, can not be relieved from its effects.

The sheriff is directed to retain part of the amount agreed upon to await the result of a decision in another court.

Although one of the parties to the stipulation may not be a party to the suit conducted in part, at least, for his benefit and in compliance with the agreement, he is bound by the proceedings and the result of the suit.

APPEAL from the Twenty-second District Court for the Parish of St. James. *Duffel, J.*

---

*T. J. Semmes & Legendre* and *L. P. Edrington* for Plaintiff and Appellee:

C. C. 3274: No privilege shall have effect against third persons, unless recorded in the manner required by law. Act 45 of 1877, Regular Session, 30 An. 1007.

Things which the owner of the land has placed on it for its service are immovable by destination, such as mills, kettles, vats and other machinery used in carrying on the plantation work. The utensils used for working distilleries, sugar refineries, are immovable by destination. C. C. 468; 38 An. 303; 23 An. 749; 22 An. 117; 5 An. 717.

A conventional mortgage, when once established on an immovable, includes all the improvements it may afterward receive. · C. C. 3310.

A mortgage is indivisible in its nature. C. C. 3282; Marcadé, p. 355, vol. 10; Aubry & Rau, vol. 3, p. 413; Zachariae, Sec. 289; Grenier 1, p. 179; Troplong III, p. 750; ·Cour de Cassation, Dec. 14, 1831; March 4, 1833; Dec. 21, 1844; Aug. 1847; Dallos 33, 1, 125; 36, 2, 101; Journal du Palais 1845, t. I, p. 98; 1846, t. II, p. 427; 1847, t. II, p. 621.

The plea of discussion can not be opposed to the privileged creditor, or to one who has a special hypothecation. C. C. 3403; C P. 73; C. N. 2171; 19 An. 181; 16 An. 195; 31 An. 789; 10 R. 45.

A creditor, asking for the discussion of a debtor's property, must tender a sum sufficient to effect it, and can not refer the seizing creditor to property of the debtor which is in litigation and which is mortgaged. C. P. 72; 7 An. 415; Pothier, vol. 1, p. 560; C. C. 1933; 22 An. 416; 2 Woods, 87; 6 An. 87; 2 An. 168; 5 L. 126; 5 N. S. 96.

A creditor can not sue to annul a contract made before the time his debt accrued unless he proves his debtor intended to defraud his future creditors.

Among mortgage creditors the question of preference is determined by the order and date of inscription of their rights. C. C. 3397; Pothier, vol. 9, p. 458.

In commutative contracts, the failure or refusal of one party to comply, liberates the other. 10 L. 23; 6 L. 720.

If a party refuse to comply with his part of the contract the other may decline his.
2 An. 957; 8 R. 157; 1 N. S. 625.

Attorney's fees stipulated in an act of mortgage are covered by the mortgage, and,
in case of judicial proceedings, are to be paid, as well as the capital of the debt,
all being of equal rank and dignity. 37 An. 646; 41 An. 269.

*Sims & Poché* for Opponents and Appellants.

The opinion of the court was delivered by

BREAUX, J.   Plaintiff, on the 14th of January, 1891, bought *four*
notes of the Citizens Bank, of $4037.25 each.   He at the same time
bought *one* note of $5378 from the Burbridge heirs, and four notes of
$3000, all secured by mortgage on Pike's Peak plantation, in the
parish of St. James.   The last four are also secured by special mort-
gage on the Burbridge plantation, in the parish of Plaquemines.

Plaintiff, on the 27th of January, 1891, obtained from the District
Court of the parish of St. James a writ of seizure and sale, on the
said mortgage notes, against Pike's Peak plantation.

Afterward plaintiff obtained in the United States Circuit Court a
writ of seizure and sale against the said Burbridge plantation, on the
said four notes of $3000 each.

On the 6th day of March, 1891, as directed by the plaintiff, the
sheriff discontinued all proceedings under the writ of seizure and
sale issued in St. James parish on the said four notes of $3000 each,
and continued with the seizure on the other notes.

A satisfaction of judgment was entered by plaintiff's counsel, and
payment of the five notes attached to plaintiff's petition (the first
notes before mentioned) was acknowledged, and the clerk was au-
thorized to cancel the mortgage.

Pike's Peak plantation was sold under the said writ on the 7th
day of March, 1891, for $39,200, with the machinery in the sugar
house, which was appraised and sold separately; it brought $41,325.

On the 5th day of March, 1891, the plaintiff and Pugh & Co., hold-
ers of an inferior mortgage, entered into an agreement setting forth
that executory process had been obtained and Pike's Peak planta-
tion seized on nine promissory notes due by the defendant, being
the notes before referred to; "that four of these notes were secured
by mortgage and vendor's privilege, as per act passed 23d January,
1889; that another was also secured by mortgage on the 26th Janu-

ary, 1889; and that four (of the said nine notes), dated November 18, 1885, were secured by mortgage and vendor's privilege on the Burbridge plantation, as per act of sale of that date; that they were also secured by mortgage on Pike's Peak plantation, under the before mentioned act of January 26, 1889.

"That since the said proceedings were instituted, executory process was issued on said four notes of $3000 each, before the Circuit Court of the United States, whereby the said notes have been withdrawn from the operation of said writ of seizure and sale in the District Court of St. James.

" That Pugh & Co. are mortgage creditors of the defendant in the sum of $12,271.79, and interest and attorney's fees, for which judgment has been obtained, as per said mortgage on Pike's Peak plantation, dated May 1, 1890.

" That they had sued out, or were about to sue out, a third opposition in said District Court, claiming to be paid by preference over the plaintiff as holder of the said $3000 notes, bearing on said plantations, out of the proceeds of said Pike's Peak plantation, and claiming, as to these (4) notes, that plaintiff is bound to discuss the said Burbridge plantation, and that an injunction might become necessary to protect their interest as mortgage creditors."

After these preliminaries had been written, it was agreed that the sheriff should return the writ, *quoad* said notes and retain in his hands, out of the proceeds of the sale of Pike's Peak plantation (after paying plaintiff's said four notes of $4031.25 each and the note for $5375, also interest, attorney's fee and cost), a sum sufficient to pay and satisfy the judgment of Pugh & Co., and hold the amount subject to the decree of the court in said opposition.

It was also agreed that after the sale of the Burbridge plantation, under the writ in the Circuit Court of the United States, the plaintiff " shall credit said writ with the proceeds of said sale, and that any balance due to said Graugnard, after exhausting the proceeds of said Burbridge plantation, shall be paid out of the proceeds of the said Pike's Peak plantation by preference over Pugh & Co.; the intent and purpose of this agreement being to prevent litigation and the arrest of the sale of Pike's Peak plantation by injunction, which would inflict injury on all parties in interest, and it being also the interest hereof that while Graugnard authorizes and instructs the sheriff to discontinue the writ in so far as the said four notes each

for $3000 are concerned, he in no manner abandons his mortgage rights in Pike's Peak plantation or the proceeds to satisfy any balance which may be due him on said four notes of $3000, after the sale of the Burbridge plantation.''

The sheriff, in accordance with agreement, paid to plaintiff the five notes and interest, from the proceeds of sale of Pike's Peak plantation, but refused to pay the fee of plaintiff's attorney of $1270, and retained the remainder of the proceeds.

The Burbridge plantation was sold in April, 1891, by the United States Marshal, and brought $7700; the taxes, commissions and costs of planting the crop were $2186; balance, $5514.

A. F. Slangerap, a creditor of the defendant, intervened in the United States Circuit Court in the case of Graugnard vs. Forsyth and claimed the proceeds of the sale of the Burbridge plantation to an amount sufficient to satisfy his claim.

. Four thousand dollars ($4000) were retained, subject to the further orders of the court, leaving $1514, which were paid to plaintiff and properly credited.

Pugh & Co. filed their opposition on the 6th day of March, 1891, and claimed the proceeds to which they laid claim in the said agreement.

Plaintiff denied their right to recover, and further alleged, in his answer, that should the court recognize their right, he was entitled to be paid the sum of $11,500 out of the proceeds in the sheriff's hands, leaving $4000 to be paid after the determination of the case before the United States court.

At the instance of the plaintiff's counsel a rule was issued against the sheriff, to show cause why the fee stipulated in the act of mortgage should not be paid to them.

That officer, in his answer, denied their rights.

The intervenors made themselves parties, and, answering, alleged that plaintiff, in rule, had no right to stand in judgment.

Other creditors hereafter named also intervened.

The District Court rendered judgment ordering the sheriff to pay plaintiff's claim secured by mortgage, including attorney's fees, by preference over all opponents, from the $12,854.20 retained by him, subject to a credit of $1514, collected by the plaintiff from the proceeds of the sale of the Burbridge plantation, and decreed that the sum of $2125 be paid to !H. Kohn, M. Schwartz & Co., and Taylor

Bros., respectively, being due on amount secured by privileges recognized by the judgment, leaving an amount of more than $400 due plaintiff.

The claim of A. G. Paynes, also an intervenor, was rejected.

From this judgment Pugh & Co. are the only appellants.

Plaintiff chose to enter into an agreement, the purpose of which he declares was to avoid litigation.

He was to endeavor to secure an amount under the mortgage on Pike's Peak plantation, which also attached to another plantation. The consideration for the agreement, on his part, is not made conclusively apparent by its terms, for under the law he had the right to proceed with the foreclosure of his mortgage on Pike's Peak plantation.

The want of consideration of this agreement is not alleged, nor its violation.

By reference to the record, it appears that the stipulation in question was of some use to plaintiff.

The plaintiff entered satisfaction of judgment and payment of five notes attached (the first notes described in the agreement), and authorized the clerk of court to cancel the mortgage, as before mentioned.

The stipulation to pay his fees, as contained in the agreement, dispenses with the necessity of passing upon the effect of this order to cancel, in so far as relates to this fee.

This payment having been agreed upon, it was properly ordered in the judgment appealed from.

Without the agreement, that the plaintiff in argument contends should be ignored, serious question as to the right to recover the fee of attorneys might have arisen.

The act was offered in evidence by the plaintiff, without restriction as to its effect. A party introducing himself evidence he might exclude must abide its effect. 1 N. S. 243; 33 An. 801. It was not offered to prove its nullity, for it was not alleged.

This agreement had the force of a contract, and can not be set aside upon grounds less than would warrant the rescission of a contract.

Plaintiff refers to several decisions in support of the propositions that "if a party refuse to comply with his part of the contract, the other may decline his, and that in commutative contracts the failure or refusal of one party to comply liberates the other."

It is not decided in any of the cases referred to that the contract is void to the extent that without issue as to its violation, a contract admitted without any limitation can be disregarded.

In referring to one of these cases, the syllabus from the digest is correctly quoted as above.

But from the decision to which the syllabus refers we quote:

"In synallagmatic contracts the refusal of either party to perform his engagement *entitles the other to his liberation.*" Chase vs. Turner, 10 L. 21. On proper issue in that last case the contract was annulled.

Although there has not been willingness and promptness on the part of said intervenors in complying with its terms, and the sheriff has been erroneously encouraged in retaining this fee, we will not regard the contract as null and treat it as void without an issue to that effect.

We quote the following from Thompson on Trials, p. 196, not as conclusive authority or as having a direct bearing on the subject, but as a reference somewhat in point:

"When several cases are pending in court depending upon the same facts or questions of law, it is competent to stipulate that only one shall be tried, and that the others shall abide the results of that one." "Such a stipulation is not merely an independent executory agreement, but it operates presently to affect the status of the case itself, and invests the plaintiff with rights in respect to its conduct which he otherwise would not have had, and of which neither the opposite party nor the court can lawfully divest him."

The amount of $4000, deposited with the marshal, is awaiting the decision of the United States Circuit Court.

We can not relieve plaintiff, as to this amount, from the effect of his agreement.

At the same time justice requires that intervenors should be equally bound.

In following the terms of the agreement they are met by the defence in the United States Circuit Court, that a mortgage creditor can not divide his mortgage so as to affect the rights of third persons.

The question must be decided by the court before which it is pending.

The intervenors can not ignore, nor question the legality of pro-

Graugnard vs. Forsyth.

ceedings to which they have consented, carried on contradictorily with the plaintiff, and raise issues which have been settled with him in a tribunal of their selection.

In making the agreement it necessarily gave some control of the proceedings to the mortgage creditor.

The intervenors can not abstain from all concern in the litigation and be heard to question the binding effect of the proceedings in the said Circuit Court.

When the decision will have been rendered, if adverse to plaintiff, he will have a right to the immediate payment of the $4000 retained by the sheriff.

If it be rendered in his favor, he will be entitled to all balance due him, principal, interest on all principal due, costs, and balance which may be due on fee secured by mortgage.

The intervenors will have a right to the remainder.

Plaintiff in this court, in his answer to the appeal, asks that the judgment appealed from be amended and corrected, in so far as it recognizes the privileges claimed by Schwartz & Co., Taylor Bros., and Kahn Bros., and that these privileges be rejected.

All the parties are appellees, except Pugh & Co.

Plaintiff is an appellee, and can not as such have the judgment of his co-appellees amended.

If he desired to have the judgment amended as between him and his co-appellees, he should have appealed. Bowman vs. Kaufman, 30 An. 1021; Vance vs. Vance, 32 An. 186; Boissée vs. Dickson, 31 An. 742.

It is ordered, adjudged and decreed that the judgment appealed from be amended, by ordering the sheriff of the parish of St. James to retain four thousand dollars of the fund realized by the sale of Pike's Peak plantation, to be paid to plaintiff if he be cast in the suit pending before the United States Circuit Court for the Eastern District of Louisiana, in the case of J. B. C. Graugnard vs. L. Forsyth, Jr., Aug. L. Slangerup, intervenor, No. 11,986, or, if rendered in his favor before said court, so much of said amount to be applied to the payment of the balance due said plaintiff Graugnard as may be necessary, and the remainder to be applied to the payment of Pugh & Co., intervenors, on their judgment.

After amendment as above judgment is affirmed at appellee's costs.