(33 South. 592.)

No. 14,241.

FEMALE ORPHAN SOC. v. BOARD OF AS-
SESSORS et al.*

(Dec. 1, 1902.)

TAXATION—EXEMPTIONS—CHARITABLE INSTI-
TUTIONS.

1. In so far as property leased out for revenue is concerned, an exemption from taxation granted by the legislature to a charitable institution prior to the adoption of the constitution of 1879,. and not embraced in the charter of such institution, nor in an act expressly amendatory thereof, is repealed by the following provision of the constitution of 1879: "The following property shall be exempt from taxation, and no other, viz.: * * * all charitable institutions * * * provided, the property so exempted be not used or leased for purposes of private or corporate income."

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; George H. Théard, Judge.

---

*Rehearing denied February 16, 1903.

Action by the Female Orphan Society against the Board of Assessors and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Henry J. Leovy and Charles S. Rice (Branch K. Miller, of counsel), for appellant. Frank C. Zacharie, for appellee state tax collector. Edward K. Skinner, for appellees Board of Assessors. Ambrose Smith, amicus curiæ.

PROVOSTY, J. Plaintiff's property having been assessed for taxation, and advertised for sale to satisfy the taxes so assessed, plaintiff brings this suit against the tax collector and the Board of Assessors, praying for an injunction against the tax collector, and for an order to the Board of Assessors to cancel the assessment of the property. The ground is that the property is exempt from seizure under the provisions of certain acts of the legislature. Anticipating the probable defense that the exemption has been repealed by the Constitution of 1879, and the acts of the legislature passed thereunder, plaintiff pleads that the statutes granting the exemption are contracts, within the meaning of the provision of the Federal Constitution against the impairment of the obligation of contracts, and pleads, further, that the question of said exemption is res judicata; it having heretofore been decided by judgments now final.

The acts of the legislature thus relied on read as follows:

"An act for the relief of the Orphan Boys' Asylum of New Orleans.

"Be it enacted," etc., "that from and after the passage of this act, all the property real and personal belonging to the Orphan Boys' Asylum of New Orleans, be and the same is hereby exempted from all taxation, either by the state, parish or city in which it is situated, any law to the contrary notwithstanding."

Approved March 12, 1836. Acts 1836, p. 135.

"An act for the relief of the Female Orphan Society, and for other purposes.

"Be it enacted," etc., "that the exemption from taxation passed in favor of the Orphan Boys' Asylum of New Orleans, by act approved 12th March, 1836, be extended to the Female Orphan Society, and to all other orphan asylums in the state, and to the House

of Refuge for the Reformation of Juvenile Delinquents, and that they be exempted from parish and municipal as well as state taxation, any law to the contrary notwithstanding."

Approved March 25, 1844. Acts 1844, No. 96.

The decisions relied on are those in the cases of City of New Orleans v. Poydras Asylum, 9 La. Ann. 584, and City of New Orleans v. Poydras Orphan Asylum, 33 La. Ann. 850.

Our Code provides that "the authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." Civ. Code, art. 2286.

In the former cases the city of New Orleans alone was defendant. In this case the state, also, is a defendant. The former cases arose under constitutions and laws antedating the constitution of 1879. The present case has arisen under the constitution of 1879.

In the former cases the question of the irrepealability of the exemption, because of its contractual nature, was not raised. In the present case that question is, we assume, the main contention raised. Evidently the two identities of parties and of cause of action are lacking, and the plea of res judicata must be overruled.

The defendants claim that, in so far as concerns property of the character of that now sought to be subjected to taxation, the statute granting to plaintiff exemption from taxation is incompatible with article 207 of the constitution of 1879, as amended, and is repealed.

The relevant part of that article is as follows: "The following property shall be exempt from taxation and no other, viz.: * * * all charitable institutions * * * provided, the property so exempted be not used or leased for purposes of private or corporate profit or income."

The property in question is no part of the asylum proper, but is commercial property; that is, property leased out for revenue.

In the case of State v. Board of Assessors, 52 La. Ann. 234, 26 South. 872, this court had occasion to consider the exact question of whether statutes exempting from taxation property of that character belonging to charitable institutions were repealed by the Constitution of 1879, and the conclusion was reached that they were.

To travel again over the same ground would be a profitless threshing of old straw.

In the same case, and also in the case of Grand Lodge of Masons v. City of New Orleans, 44 La. Ann. 665, 11 South. 148, the question of the repealability of an exemption such as the one here involved was considered; and here, again, to travel once more over the same ground would be profitless.

In the Grand Lodge of Masons Case the court said:

"On the whole, our conclusions are that Act No. 225 of 1855, which exempts from parish and state taxation the property of the plaintiff so long as it is occupied as the Grand Lodge of the F. & A. Masons, does not contain a contract between the state and that corporation that is irrepealable, but that the exemption of the statute was granted on considerations of public policy, independently of the consideration existing in its previously granted legislative charter, and subject to be recalled whenever the legislative view of public policy might be changed; that the provisions of that act are subordinate to those of article 207 of the Constitution of the state, providing that the property of charitable institutions shall be exempt from taxation, 'if it be not leased or used for purposes of private profit or income'; that neither this constitutional provision, nor the statute under which the tax in question was levied, are amenable to constitutional invalidity urged against them.

"We very much regret that we have been constrained to subject to taxation the property of the plaintiff's meritorious association, but we have been unable, after careful research, to find any authority in our own decisions or those of the Supreme Court which hold that a bare statutory exemption, not contained in the legislative charter of a private corporation, nor in an amendment thereto, and not expressly defined to be a contract between the state and the corporators, is irrepealable, and not subject to recall at the option of the legislature."

In the Board of Assessors Case the court said:

"Another phase of this controversy is presented in the contention that the property of the St. Elizabeth Asylum, no part of the institution, but held for revenue applied for support of the asylum, as it is claimed, is omitted from the rolls, and relators assert all such property is liable to taxation. We understand the exemption relied on by the asylum is alleged to be conferred by the legislation prior to the constitution of 1879, exempting all property of charitable institutions. Act No. 245 of 1850. That exemptions from taxation of the property of charitable institutions, not contained in the charters of the institutions, may be withdrawn at any time, by legislative act or by constitutional provision, needs but the statement. Cooley, Taxation (Ed. 1886) pp. 66 to 69 et seq.; Home of the Friendless v. Rouse, 8 Wall. 430, 19 L. Ed. 495; City of New Orleans v. St. Anna's Asylum, 31 La. Ann. 292; Asylum v. City of New Orleans, 105 U. S. 362, 26 L. Ed. 1128; Grand Lodge of Louisiana of Free & Accepted Masons v. City of New Orleans, 44 La. Ann. 665, 11 South. 148; Grand Lodge of State of Louisiana v. City of New Orleans, 166 U. S. 143, 17 Sup. Ct. 523, 41 L. Ed. 951. It is conceded that the charter of the asylum contains no exemption of its property. The question, then, is simply whether the constitution of 1879, with its unqualified direction that all property should be taxed, enumerating, with other exceptions not pertinent to this controversy, charitable institutions, accompanied with the proviso denying the exemption when property is used or leased for corporate profit or income, does not entirely sweep away all exemptions previously granted of property no part of the charitable institutions, but leased or used to produce revenue for the institution. In our view, this question will not bear discussion. The purpose to exclude from exemption the property held by the charitable institution for revenue is as distinctly marked as the exemption of the institution itself, and that purpose was evinced in our legislation and jurisprudence before, as well as after, the adoption of the Constitution of 1879. Acts 1844, No. 96; Acts 1850, No. 245, already cited; Acts 1856, No. 164, p. 147, § . 40; City of New Orleans v.

Judah Congregation, 15 La. Ann. 390; City of New Orleans v. St. Anna's Asylum, 31 La. Ann. 292. The Constitution of 1868, art. 118, differed in reference to exemptions from that of 1879. The provision in the constitution of 1868 was that all property should be taxed, but gave the legislature power to exempt property actually used for church, school, or charitable purposes. Our predecessors held, in reference to taxes levied under that constitution, that it did not repeal exemptions to charitable institutions granted by previous legislation. These decisions, by a divided court, seem to be in conflict with previous decisions construing the exemption in the constitution of 1868, and are accompanied with vigorous dissents, maintaining that all previous exemptions conflicting with the constitution of 1868 were completely repealed or withdrawn by the very explicit provisions of that constitution. City of New Orleans v. Poydras Orphan Asylum, 33 La. Ann. 850; Asylum v. Houston, 37 La. Ann. 68. We are not embarrassed by these decisions. The taxes claimed in this controversy are those of the past three years. The right to exact the taxes subsequent to 1879 must be tested by the constitution of 1879. Under its language, entirely different from that of 1868, confining the exemption pertinent to this controversy to the charitable institution itself, excluding in peremptory terms all property of the institution leased or used for revenue, the conclusion, to our minds, is inevitable that the relator's contention in reference to this asylum property must prevail. "The line of reasoning we deem persuasive in this case is, in effect, the same as that which guided this court in the case of Grand Lodge of Louisiana of Free & Accepted Masons v. City of New Orleans, 44 La. Ann. 672, 11 South. 148, to which we refer."

These emphatic utterances ought, it seems to us, to have put the questions at rest.

It is well recognized that the assumption of the burden to take care of helpless members of the community may serve as a consideration for a contract by which the property of a charitable institution is exempted from taxation; but the doctrine that such exemption, unless embodied in a charter, or in a law in express terms amending a charter, may be repealed at any time, is firmly established. The legislature, like a private

person, can be held to have contracted only when there was an intention to contract; and in a case of this kind the intention to contract must clearly appear, since every intendment must be against an intention to bargain away the sovereign power of taxation.

The rule is that a special statute is not repealed by a general statute; but article 207 of the Constitution of 1879, as amended, was adopted with a view to repealing the overnumerous tax exemptions like the one here in question, theretofore so liberally granted by the legislature.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, with costs in both courts.