(67 South. 324)

No. 20374.

BOARD OF COM'RS OF PLAQUEMINES PARISH, EAST BANK LEVEE DIST., v. DOWDLE & WINDETT et al.

(Jan. 25, 1915.)

· (Syllabus by the Court.)

1. LEVEES ⬤�don16—CONSTRUCTION CONTRACT—VACATION BY RELETTING.

A contract for the construction of certain levees provided that, if it should become neces-sary, in the judgment of the president of the levee board, to declare the contract vacated or annulled, for negligence, inefficiency, or abandonment by the contractors, he might proceed to do so; and, in such case all sums due to the contractors should be forfeited; that the decision of the board should be final as to the cause of action on the part of the president or engineer in charge; and that the contract so vacated or annulled might be relet by the board to another contractor without advertisement or other formality. Being unable to complete the work within the time stipulated in the contract the contractors abandoned the work. The board notified the contractors that, if the work was not resumed within a stipulated time and prosecuted as provided in the contract, the board would relet the work and cause the contract to be executed for the account of the contractors. On the failure of the contractors to resume operations within the time allowed, the board advertised and relet the work to another contractor under a slightly different contract, and sued the original contractors for the excess cost of the work when it was completed. *Held*, the reletting of the work to another contractor before the expiration of the time stipulated for its completion in the original contract vacated and annulled the original contract.

[Ed. Note.—For other cases, see Levees, Cent. Dig. § 6; Dec. Dig. ⬤➙16.]

2. LEVEES ⬤➙16—CONSTRUCTION CONTRACT—RELETTING OF WORK.

The original contract did not authorize the board to relet the work to another contractor at the expense or for the account of the original contractors.

[Ed. Note.—For other cases, see Levees, Cent. Dig. § 6; Dec. Dig. ⬤➙16.]

3. LEVEES ⬤➙16—CONSTRUCTION CONTRACT—BREACH—EXTENT OF LIABILITY.

The forfeiture of the sum due by the board to the original contractors was the extent of their liability to the board for their breach of the contract.

[Ed. Note.—For other cases, see Levees, Cent. Dig. § 6; Dec. Dig. ⬤➙16.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by the Board of Commissioners of Plaquemines Parish, East Bank Levee District, against Dowdle & Windett and another. From adverse judgments, plaintiff appeals. Affirmed.

John Dymond, Jr., James Wilkinson, and A. Giffen Levy, all of New Orleans, for appellant. Grant & Grant, of New Orleans, for appellee National Surety Co. Cage,

Baldwin & Crabites, of New Orleans, for appellee Dowdle & Windett.

O'NIELL, J. [1, 2] By the very able arguments and briefs of the counsel of the plaintiff and defendants, the issues in this case are reduced to two simple questions, viz.:

First. Had the plaintiff the right, under section 9 of the contract of the 16th of October, 1902, to relet the contract for the account and at the expense of Dowdle & Windett, in the event it was vacated or annulled?

Second. Was the contract of the 16th of October, 1902, vacated or annulled?

It was decided by this court on the former appeal in this case (129 La. 517, 56 South. 426) that section 9 of the contract of the 16th of October, 1902, was not abrogated by the amendments agreed to by the contracting parties on the 11th of May, 1904. That section of the contract, stated in separate paragraphs, for convenience, is as follows:

"Should the contractor fail to prosecute the work under this contract with the vigor necessary to its completion within the time stipulated, in the opinion of the engineer in charge, all estimates may be withheld; and it shall be competent for and the duty of the president of the board to employ such additional force as he may deem necessary at the expense of the contractors.

"Should it become necessary, in the judgment of the president of the board, to suspend this contract, or to declare it vacated or annulled, for negligence, inefficiency, or abandonment by contractor, he may proceed to do so, and in such a case the 20 per cent. reserved as security for completion of contract, and all other sums due to said contractor by the Plaquemines parish, East Bank levee district, shall be forfeited, the decision of the board of commissioners to be final as to the cause of action on the part of the president or engineer in charge.

"Should damage accrue to the district, or to those to be protected by the levee from such laches, or from abandonment of the work, the contractor and his sureties shall be responsible for such amount as shall be awarded by the courts.

"A contract, vacated or annulled as above described, may be relet by the president of the board to another contractor without advertisement or another formality."

Assuming that the contractor was at fault in failing to prosecute the work with the

vigor necessary for its completion within the time stipulated, the board had the right, under the first paragraph of section 9 of the contract, to withhold all estimates, and it was competent for, and the duty of, the president of the board to employ such additional force as he might deem necessary at the expense of the contractor. The board did, in its resolution of the 4th of January, 1905, withhold all payments; but the board did not at any time employ an additional force for the completion of the work.

The second paragraph of the section under consideration gave the president of the board absolute authority to suspend the contract or declare it vacated or annulled if he deemed it necessary, in his judgment, for negligence, inefficiency, or abandonment by the contractor; and in that event all sums due by the board to the contractor were to be forfeited.

The third paragraph of this section of the contract is not pertinent to the issues in this case.

The fourth and last paragraph of section 9 gave the president of the board the right to relet the contract to another contractor without advertisement or other formality, if the contract should be vacated or annulled as above described, that is, as described in the second paragraph of section 9.

If the president of the board had availed himself of the right to employ an additional force, it would have been at the expense of the contractor, under the first paragraph of section 9; and the contract would not have been vacated or annulled. But the last paragraph, giving the president of the board the right to relet the contract to another contractor without advertisement or any other formality, in the event of its being vacated or annulled, did not provide that the reletting should be at the expense of the contractor whose contract was vacated or annulled.

The contingency, in the last paragraph of

section 9, i. e., if the contract should be vacated or annulled as above described, meant clearly if it should be vacated or annulled by the board for negligence, inefficiency, or abandonment by the contractor, as provided in the second paragraph. Under that paragraph, the authority of the president of the board to declare the contract vacated or annulled was absolute. If he deemed it necessary to vacate or annul the contract, all he had to do was to declare it vacated or annulled for negligence, inefficiency, or abandonment by the contractor, and the decision of the board as to the cause of action on the part of the president—i. e., as to the negligence, inefficiency, or abandonment by the contractor rendering the annulment of the contract necessary—was to be final. If then, in addition to forfeiting all sums due to the contractor, the board had the right to relet the contract to another contractor, without advertisement or any other formality, at the expense of the original contractor, it was indeed an unilateral contract. We are constrained to conclude that, if the parties had intended to make such an anomalous agreement, the last paragraph of section 9 would have concluded precisely as the second paragraph concludes, "at the expense of the contractor."

Counsel for the plaintiff contend that the board did not, in its resolution of the 2d of March, 1905, vacate or annul the contract of the 16th of October, 1902, but merely called upon the contractor to perform the contract and declared that the board would relet the work to another contractor for the account and at the expense of Dowdle & Windett, if the latter should not resume work at or before noon on the 15th of March, 1905, and prosecute the work to its completion as provided in the contract. This is true. But the board did in fact relet the work to another contractor before the expiration of the time in which Dowdle & Windett were required to complete the work. It is true that, in the resolution of the 2d of March, 1905, calling upon Dowdle & Windett to resume and complete the work according to the contract, the board declared that the work would be relet to another contractor for the account of Dowdle & Windett. And, if the board had the right under its contract with Dowdle & Windett to relet the work for the account of Dowdle & Windett, the reletting of the contract would not have vacated or annulled the contract. But we have already observed that the board had no right to relet the contract to another bidder unless it was vacated or annulled, in which event the new contract was not to be for the account of Dowdle & Windett. In fact, the resolution of the board, calling upon Dowdle & Windett to resume and complete the work, did not declare that the board would relet the contract, but that the board would relet the work, for account of Dowdle & Windett, if the latter failed to comply with the demand of the board. And the board did relet the work to another contractor under a new and somewhat different contract. This action on the part of the board vacated and annulled the contract with Dowdle & Windett, and the obligation for damages due by Dowdle & Windett for failing to comply with the demand of the board must be determined by the contract and the law applying to it.

The second paragraph of section 9 of the contract provides that, in the event the board should declare the contract vacated or annulled, all sums due to the contractor should be forfeited. The board had the right to exact that forfeiture as a penalty or stipulated damages due by the contractor when the president of the board exercised his absolute right to declare the contract vacated or annulled.

Section 5 of article 1934 of the Civil Code provides:

"Where the parties, by their contract, have determined the sum that shall be paid as damages for its breach, the creditor must recover

that sum, but is not entitled to more. But when the contract is executed in part, the damages agreed on by the parties may be reduced to the loss really suffered, and the gain of which the party has been deprived, unless there has been an express agreement that the sum fixed by the contract shall be paid, even on a partial breach of the agreement."

In other words, if no part of the contract has been performed, the contractor who has been guilty of its breach owes the other party the full amount of damages stipulated in the contract, but no more; and, if the contract has been partly performed or executed, the damages due for its breach may be reduced by the court from the sum stipulated in the contract for an entire breach, to the amount of the loss sustained and the profits of which the innocent party was deprived, unless the agreement was that the stipulated damages should be paid in full even for a partial breach.

In a case very recently decided by the Supreme Court of the United States (Stone, Sand & Gravel Co. and American Surety Co. v. United States, 234 U. S. 270, 34 Sup. Ct. 865, 58 L. Ed. 1308), the contract contained a section, designated as "Clause A," very similar to section 9 of the contract in the present case. The government, on the recommendation of its engineer, declared the contract annulled and relet the work to another contractor, because the original contractor had failed to begin operations on the day stipulated; and thereafter the government sued the original contractor for the excess cost of the work. The conclusion of the opinion by Mr. Justice Lurton is:

"The right to annul is expressly conferred by clause A for a failure to begin on the stipulated day. The United States resorted to that clause for its authority and pursued the procedure therein pointed out. It is plainly bound by the limitation of damages therein prescribed."

And in the syllabus of the case cited, the doctrine is stated thus:

"Where the contract contains a provision for a method of annulment, and liquidated damages in case of a breach by failure to commence work, and the government avails of that provision, it is only entitled to the liquidated damages, and cannot recover damages for difference in cost on reletting the contract under a provision for failure to complete or abandonment after commencing the work. United States v. O'Brien, 230 U. S. 321 [31 Sup. Ct. 406, 55 L. Ed. 481], distinguished. The benefit and burden of a provision in a government contract giving a right to annul in consequence of a breach by failure to commence work must hang together, and the government cannot avail of the former without accepting the latter."

In this view of the case, the pleadings filed by the National Surety Company before the trial were sufficient to avail the surety company of the contractor's defense. Brink v. Bartlett, 105 La. 336, 29 South. 958. The contract whereby the work was relet by the board to another contractor was a part of the plaintiff's proof. It was introduced in evidence by the plaintiff over the objection of the defendants, and they are entitled to all the benefit and effect of it. A party who introduces evidence which he might have excluded if he had objected to its introduction by the other party must abide its effect. Philomene Fontenot v. J. B. Manuel, 46 La. Ann. 1374, 16 South. 182; Grangnard v. Forsyth, 44 La. Ann. 327, 10 South. 799; Nusbaum & Bro. v. Marks & Co., 20 La. Ann. 379; Hennen v. Gilman, 20 La. Ann. 241, 96 Am. Dec. 396; Kean v. Brandon, 17 La. Ann. 37; New Orleans v. Judah Congregation, 15 La. Ann. 389; Langlini v. Broussard, 12 Mart. (O. S.) 242.

[3] After a thorough reconsideration of this case, we come to the conclusion that the board had no right to add to the plaintiff's absolute right to declare the contract vacated or annulled and relet the work the phrase "at the expense of the contractor." The forfeiture and retention of the sums due by the board to the contractors is the extent and limit of the liability of the contractors for their fault in not completing their undertaking. They have suffered that penalty, and the plaintiff can exact nothing more.

Our former decree rendered in this case is

therefore annulled and set aside, and the judgment appealed from is affirmed at the cost of the appellant.