Vol. 121.] SEPTEMBER TERM, 1905. 543

Equitable Life Assur. Soc'y of U. S. v. Commonwealth (Case No. 1).

Case 69.—ACTION BY THE COMMONWEALTH OF KENTUCKY AGAINST THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES TO RECOVER A PENALTY FOR A VIOLATION OF SEC. 656, KY. STATS., IN MAKING A DISCRIMINATION BETWEEN INSURANTS OF THE SAME CLASS.—November 29.

## Equitable Life Assurance Society of U. S. v. Commonwealth. (Case No. 1.)

Appeal from Fulton Circuit Court.

R. J. BUGG, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

Insurance—Rebating Premiums on Life Policy—Liability of Company for Act of Agent—Under Ky. Stats. 1903, sec. 656, providing that no life insurance company doing business in the State shall make or permit discrimination in favor of individuals between insurants, and that no such company or agent thereof shall allow any rebate of premium, and that every company or agent violating the provisions of the section shall be fined, a company is not so liable for the act of its agent in giving a rebate on a premium, not authorized or assented to by it, but disapproved by it.

HUMPHREY, HINES & HUMPHREY for appellants.

An insurance agent, whose sole compensation was a percentage commission of the first annual premium upon insurance procured by him, gave the insured this commission, contrary to the instructions and without the knowledge or sanction of the company.

There is no violation of sec. 656, Ky. Stats., by the company, because:

1. The rebate was given by the agent out of his own property and was exclusively his individual act, and the company received the first annual premium in full—partly in the services of its agent, at their agreed value, and partly in cash.

2. If regarded as the act of the company's agent, the company is still not liable, because, aside from exceptional classes of cases, to which this does not belong, the principal is not criminally liable for the acts of his agent when not authorized or assented to.

Equitable Life Assur. Soc'y of U. S. v. Commonwealth (Case No. 1).

### ADDITIONAL POINTS AND CITATIONS FOR APPELLANT.

1. To prove unlawful rebate under sec. 656, Ky. Stats., it must be shown that the rebate was not specified in the policy.

2. The company may receive the first premium in the services of its agent as well as in cash. (Equitable Life Assurance Society v. Commonwealth, 113 Ky., 126.)

3. Where the company receives the first premium partly in the services of its agent and the rest in cash, there is no rebate by the company. (Quigg v. Coffy, 30 Atl., 794.)

4. The general doctrine is that a principal is not liable criminally for the acts of its agent, even when within the scope of his authority, unless authorized or assented to by the principal. (1 Amer. & Eng. Ency. of Law, 1161; 20 Amer. & Eng. Ency. of Law, 176; Note to Franklin Fire Ins. Co. v. Bradford, 88 Amer. St. Rep., 797; Anderson v. State, 22 Ohio St., 305; State v. Bacon, 40 Vt., 456; Clark v. Bank, 3 Duer [N. Y.], 241; Commonwealth v. O. & P. R. R., 1 Grant's Cases, 329; State v. James, 63 Mo., 570; Russell v. State, 71 Ala., 348; Commonwealth v. Nichols, 10 Metcalfe, 259 [Mass.]; Taylor v. Gilman, 24 Fed., 632; Acree & Kinman v. Commonwealth, 13 Bush, 353; Locke v. Commonwealth, 24 Ky. Law Rep., 654.)

5. Many cases cited as holding the contrary, merely hold that the principal is prima facie liable; e. g., Commonwealth v. Nichols, 10 Metcalfe [Mass.], 250.

6. The doctrine as to intoxicating liquors. (17 Amer. & Eng. Ency. of Law, pp. 386, 387; State v. Kittelle, 110 N. C., 560; Commissioners of Police v. Cartman [1896], 1 Q. B. D., 655; Bond v. Evans, L. R., 21 Q. B. D., 249.)

7. Criminal liability of principal for unauthorized sale of adulterated food products by agents rests on special statutes. (Commonwealth v. Gray, 150 Mass., 327; Commonwealth v. Vieth, 155 Mass. (29 N. E., 577), 442; Commonwealth v. Warren, 160 Mass., 533, 36 N. E., 308.)

8. Liability of principal for unauthorized acts of agents in revenue cases is not in point. (Attorney General v. Siddon, 1 Cromp. & Jer., 220, 35 Rev. Rep., 701; Bush v. United States, 24 Fed., 917; Dobbins' Distillery v. United States, 96 U. S., 395.)

9. Cases of criminal libel constitute exception to the general doctrine. (Rex v. Walter, 3 Esp., 21, 6 Rev. Rep., 808; Rex v. Almon, 5 Burrows, 2686; Queen v. Holbrook, L. R., 4 Q. B. D., 42.)

10. Public nuisances constitute well defined exception to general doctrine. (Rex v. Pedley, 1 Adol. & Ellis, 822, 40 Rev. Rep., 444; Queen v. Stephens, L. R., 1 Q. B., 701; State v. L. & N. R. R. Co., 91 Tenn., 445, 19 S. W., 229.)

11. In view of the language of Illinois Statute, the following cases are not in point: Franklin Life Ins. Co. v. People, 66 N. E., 378, 279; Metropolitan Life Ins. Co. v. People, 70 N. E., 643.

N. B. HAYS, Attorney General, and CHAS. H. MORRIS for appellee.

1. It is first contended that the court erred. in not holding to be the law the proposition that if the rebate was allowed by an agent without the knowledge and consent   of the plaintiff  in error, and it had not ratified the act, it would not be liable.   The contrary of this proposition was decided in the cases of Franklin Life Insurance Company v. People, 200 Ill., 594, 66 N. E., 378.

2. In construing the statute of the State of Illinois, the courts. of that State hold that insurance companies are liable for the acts of their agents, whether done with or without the knowledge of such companies; that such company can not employ persons as its agents who have no regard for the law, and then avoid all liability by claiming that they did not know such agents were violating the law.

3. If it should be held to the contrary, such a holding would avoid and defeat any regulation of such companies whatsoever; and would enable them to escape the punishment prescribed by statute, by employing reckless and lawless agents, on a plea that they had instructed such agents not to make the discriminations complained of, and that same was done without their knowledge or consent.   (Mullenix v. People, 76 Ill., 213; Franklin Life Ins. Co. v. People, 200 Ill., 597; Franklin Life Ins. Co. v. People, 200 Ill., 619.)

4. The Commonwealth, for the protection and general welfare of the public, has prescribed the terms and conditions upon which insurance companies may do business in this State.   One of those terms and conditions is that it shall not discriminate between individuals and insurants of the same class and of like expectancy of life; that it shall be liable for such discrimination by any officer or agent thereof.

5. It is the contention of the State that the acts of its agents in making the rebates complained of were, and are, acts of the insurance company, and that under the police regulations of this Commonwealth, as set out in the staute regulating the business of the insurance companies, the appellant is liable in each of the three actions herein.

vol, 121—35

AUTHORITIES CITED.

Criminal Code, sec. 11; Civil Code, sec. 63; Ky. Stats., sec. 656; Am. & Eng. Ency. of Law, vol. 22, 2d Ed., pp. 884, 933; Neocker v. People, 91 Ill., 494; Indianapolis & St. Louis R. R. Co. v. People, 91 Ill., 452; Mullenix v. People, 76 Ill., 213; Franklin Life Ins. Co. v. People, 200 Ill., 597, 619; Ind. Miller's Mut. Fire Ins. Co. v. People, 65 Ill. Ap., 355; Mutual Benefit Life Ins. Co. v. Robinson (C. C.), Fed., 580; People v. Formosa, 27 Am. St. Rep., 614.

OPINION BY JUDGE NUNN—Reversing.

This is an appeal from a judgment of the Fulton Circuit Court assessed against the appellant for the violation of sec. 656, Ky. Stats., 1903. This section is as follows: "No life insurance company doing business in Kentucky shall make or permit any distinction or discrimination in favor of individuals between insurants of the same class and equal expectaton of life in the amount of payment of premiums or rates charged for the policies of life or endowment insurance or in the dividends or other benefit payable thereon, or in any other of the terms and conditions of the contracts it makes; nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon; nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurants, any rebate of premium payable on the policy, or any special favor or advantage in the dividends. or other benefit to accrue thereon, or any valuable consideration or inducement whatever not specified in the policy contract of insurance. Every company, or officer or agent thereof, who shall violate the provisions of this section, shall be fined in any sum not exceeding five hundred dollars, to be recovered by ac-

tion in the name of the Commonwealth, and, on collection, paid into the State Treasury.''

It was alleged that appellant violated this section by giving a rebate on a premium on a policy of life insurance to one Walter Morris. The proof showed that appellant's State agent, Henry J. Powell, employed one Joseph B. Alves to solicit insurance; that he obtained two policies on the life of Walter Morris for $5,000 each, and allowed him a rebate of 60 per cent. of the first premiums; that he collected the balance of 40 per cent., and remitted it to the company, which was the full amount of its share of the first premiums. This was clearly a violation of the statute above quoted. The proof further shows that this rebate was made wholly without the knowledge, permission or approval of the appellant or Henry J. Powell. Alves had received instructions from the appellant, both in writing and orally, from the general agent Powell that he was forbidden to pay or allow any rebate of premiums in any manner whatsoever and these instructions were in no way modified or suspended, and it was further shown that, when Alves' conduct in this matter became known to appellant it discharged him for this reason. The lower court evidently took the view that appellant was criminally liable for the acts of Alves, its agent, and in effect so instructed the jury.

There can be no doubt but that Alves violated this statute, and he could have been punished for it; but the question is, can the appellant, the principal, be held criminally liable for the criminal acts of its agent which it neither approved of nor consented to, but, on the contrary, disapproved of? Counsel for appellee admits the general rule to be that the principal is not liable for the criminal acts of the agent,

548 KENTUCKY REPORTS. [Vol. 121.

Equitable Life As'sur. Soc'y of U. S. v. Commonwealth (Case No. 1).

unless the principal authorizes, approves of, or at least consents to, the act, but claims that the case at bar is an exception to the general rule, and cites Am. & Eng. Enc. of Law (2d Ed.), vol. 22, p. 933, and the cases of Metropolitan Life Ins. Co. v. People (Ill.), 70 N. E., 643, and Franklin Life Ins. Co. v. People (Ill.), 66 N. E., 378.

We find from reference to the Encyclopaedia of Law, supra, that the author states that such a statute as ours is valid. The same question was likewise determined in the Illinois cases cited above. The Illinois cases, however, go further, and expressly decide that the company can be made responsible criminally for the action of its agent in allowing rebates, even if done without the knowledge, approval or consent of the company.

There is no doubt about the validity of our statute; and that persons violating it can be punished for violating it as provided for therein, and it is clear that the courts of Illinois properly construed the statute of that State upon the subject of rebate and held the insurance company responsible criminally. But, upon an examination of the statute of that State we find it differs materially from ours in an important particular.

In sec. 3 of that act (Hurd's Rev. Stats., 1903, p. 1057, sec. 29), we find the following language: "Any such life insurance company or association which shall transact its business in this State in violation of the provisions of this act shall, *together* with the agent or agents so unlawfully transacting said business, *jointly* and *severally,* be subject to a penalty of not less than five hundred dollars." (Italics ours.) The language of our statute is: "Every company, or officer or agent thereof, who shall violate the provis-

ions of this section, shall be fined,'' etc.   It will be no-
ticed that the Illinois statute says that the company,
*together* with the agent, shall be fined, while our stat-
ute says that the company *or* its officer *or* agent shall
be fined.   Thus it will be seen that the Legislature of
Illinois intended to make the company *and* the agent
responsible, while the Legislature of Kentucky did
not intend to make them jointly responsible, as evi-
denced by the use of the disjunctive ''or,'' which
shows that it was the intention of the Kentucky Leg-
islature that the general doctrine of the criminal re-
sponsibility of the principal should apply.

In our opinion the action of the lower court was er-
roneous, because, although a principal is liable civilly,
either in an action ex contractu or ex delicto, for the
acts of its agent within the scope of his authority, the
principal is not liable criminally for the acts of its
agent, even when within the apparent scope of his
authority, unless authorized or assented to by the
principal or made so by statute.

For these reasons the judgment of the lower court
is reversed, and the cause remanded for further pro-
ceedings consistent herewith.