**UNITED STATES v. ROTH.**

No. 100, Docket 20780.

Circuit Court of Appeals, Second Circuit.

Jan. 23, 1948.

576

John F. X. McGohey, U. S. Atty., of New York City (Samuel Rudykoff, Asst. U. S. Atty., of New York City, of counsel), for appellant.

David Haar, of New York City, for appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This appeal raises two distinct questions, one relating to the amendment of claims in bankruptcy, the other relating to set-offs against a claim by the United States for taxes. The facts were stipulated.

■ On the date of his adjudication, May 28, 1943, the bankrupt owed the United States taxes for the years 1938, 1942 and 1943. In due time the collector of internal revenue filed a proof of claim, one item of which was $4,847.47, plus interest of $1,-059.71, for unpaid income tax for "the year 1939." After expiration of the time for filing claims, the trustee moved to expunge this item, and the collector countered with a motion to amend by substituting the year 1938 for 1939. It is agreed that the bankrupt owed an income tax in the amount stated for 1938 but owed nothing for 1939, and that the insertion of 1939 in the proof of claim was erroneous and inadvertent. Characterizing the error as "clerical," the referee allowed the amendment in reliance upon Rule 60(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c;[1] on review the district court denied leave to amend and ordered the claim expunged. In reaching this conclusion the court reasoned that because each year's tax liability is a separate cause of action,[2] the proof of claim gave no notice that the claim was for the 1938 income tax and the amendment, if allowed, would introduce a new and different cause of action, which was not permissible under the decision of this court in Re. G. L. Miller & Co., Inc., 2 Cir., 45 F. 2d 115.[3] We think the court erred in not permitting the amendment. In harmony with the Miller case, we assume that the right to amend can go no further "than to permit the bringing forward and making effective of that which in some shape was asserted in the original claim." In other words, there must be something in the proof of claim which fits closely enough with the relations existing between the bankrupt and the creditor to identify it as a claim based on those relations. Here there was just that; the bankrupt owed no income tax

---

[1] By General Order 37 the Supreme Court directed that the Rules of Civil Procedure "shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be" in bankruptcy proceedings. 11 U.S.C.A. following section 53.

[2] United States v. Sullivan, 2 Cir., 98 F.2d 79, 80; Moore v. Commissioner, 37 B.T.A. 378, 384; 26 U.S.C.A. Int.Rev. Code, §§ 11, 48(a, b).

[3] In that case we refused to allow a reclamation petition for money had and received to be amended to a claim for damages under an indemnity agreement because the original petition gave no notice whatever of the different cause of action alleged by the amendment.

for 1939 but did owe one for 1938, and in the exact amount stated in the proof of claim. No one who knew the relations between the parties could fail to recognize that the proof filed was intended to cover the taxes for 1938, and it was stipulated that the year 1939 was stated inadvertently. Under such circumstances we cannot doubt that the amendment, if not wholly unnecessary, was as least permissible. Liberality in the amendment of claims in bankruptcy has been the trend of our recent decisions. In re Kardos, 2 Cir., 17 F.2d 706; In re Marshall's Garage, Inc., 2 Cir., 63 F.2d 759; In re Lipman, 2 Cir., 65 F.2d 366; In re Weco Equipment, Inc., D.C.E.D.N.Y., 55 F.Supp. 532, affirmed sub nom. Public Operating Corp. v. Schneider, 2 Cir., 145 F.2d 830.

Turning to the question concerning set-offs, it appears that the trustee sought to set off against another claim for taxes of some $31,000 owed by the bankrupt (1) an overpayment by the bankrupt of $4,410.92 on his 1937 income tax, and (2) a sum of $1,500 paid by the bankrupt, when he was admittedly insolvent, on account of the income tax liability of a corporation of which he was an officer. The referee dismissed the set-offs for lack of jurisdiction in the bankruptcy court, but on review the district court reversed this ruling and remitted the cause to the referee for determination of the set-offs on the merits.

On this appeal we are not concerned with the validity of the asserted set-offs but only with whether they are cognizable in a court of bankruptcy. With respect to the alleged overpayment on the 1937 income tax it may be noted that before adjudication as a bankrupt Flato had filed a timely claim for refund.[4] The claim was rejected by the Commissioner by letter to the bankrupt's trustee dated February 9, 1944. Concededly this matured the trustee's right to sue the United States, but the appellant contends that suit on such a claim can only be brought in the Court of Claims or the District Court, and that the United States cannot be called to account in a court of bankruptcy, because of the well settled rule that suits against the Government must be specifically authorized, and that the ban extends to set-offs and counterclaims as well as to original actions. United States v. Shaw, 309 U.S. 495, 500, 60 S.Ct. 659, 84 L.Ed. 888; Nassau Smelting & Refining Works v. United States, 266 U.S. 101, 106, 45 S.Ct. 25, 69 L.Ed. 190; In re Clayton Magazines, Inc., 2 Cir., 77 F.2d 852, 854. Section 68, sub.a of the Bankruptcy Act, 11 U.S.C.A. § 108, sub.a, quoted in the margin,[5] deals with set-offs and does not specifically name the United States. Before the amendment of the Act in 1938 that might have been an insuperable objection to allowance of a set-off against a tax claim, because prior to that amendment section 64, sub.a did not classify taxes as "debts" but merely directed the court to "order the trustee to pay all taxes legally due and owing by the bankrupt to the United States" and, as an incident, to decide any question "as to the amount or legality of any such tax." By the 1938 amendments, however, taxes were classified as "debts" within section 64, sub.a, 11 U.S.C.A. § 104, sub.a, and section 57, sub.n, 11 U.S.C.A. § 93, sub.n, was broadened to include "all claims of the United States" and require them to "be proved and filed in the manner provided in this section." Subdivision a of section 57, 11 U.S.C.A. § 93, sub. a, provides that a proof of claim shall state among other matters "that the claim is justly owing from the bankrupt to the creditor"; and the forms for proof of claim, prescribed by the Supreme Court pursuant to authority conferred by section 30 of the Act, 11 U.S.C.A. § 53, require the creditor to declare "that there are no set-

---

[4] This fact distinguishes so much of our decision in Re Clayton Magazines, Inc., 2 Cir., 77 F.2d 852, as held that when recovery of an overpayment of a tax is barred by failure to file a timely claim for refund, it is likewise barred as a set-off in bankruptcy. So much of the decision as allowed the set-off of the instalment not barred can scarcely be deemed a precedent, as the Government agreed to the set-off, page 853 of 77 F. 2d.

[5] "§ 108. Set-offs and counterclaims. a. In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

offs or counterclaims to said debt." [6] Thus it is apparent that the Act, as it now stands, treats the tax claim as a debt and the United States as a creditor which, like other creditors, must make proof of claim on a form containing a statement about set-offs. Section 68, sub.a, 11 U.S.C.A. § 108, sub.a, permitting set-offs, must be construed in harmony with the other provisions of the Act. By reason of the 1938 amendments discussed above, the absence of a specific reference to the United States in the set-off section can no longer be deemed significant. Consequently we are able to find legislative authorization for set-offs against tax claims of the United States. This result is inconsistent with the decision of the Third Circuit in Re Monongahela Rye Liquors, 141 F.2d 864, but apparently the argument based on the 1938 amendments, which we have found persuasive, was not there presented.

█ There remains for determination the question whether the asserted set-offs meet the test of mutuality, since only cases of "mutual debts or mutual credits" come within section 68, sub. a. As stated in Cumberland Glass Mfg. Co. v. De Witt, 237 U.S. 447, 455, 35 S.Ct. 636, 59 L.Ed. 1042, this section does not enlarge the doctrine of set-off and cannot be invoked in cases where the general principles of set-off would not justify it. To be "mutual" the debts or credits "must be in the same right." Sawyer v. Hoag, 17 Wall. 610, 622, 21 L.Ed. 731; In re Bush Terminal Co., 2 Cir., 93 F. 2d 661, 663; Hood v. Brownlee, 4 Cir., 62 F.2d 675, 676; 4 Collier, Bankruptcy (14th Ed.), 721. The requirement of mutuality is satisfied with respect to the asserted right to a refund of the bankrupt's overpayment of his 1937 income tax; the claim he asserts against the Government and the tax liability it asserts against him both existed before his adjudication. Accordingly, so much of the order on appeal as relates to set-off of the asserted claim for refund must be affirmed.[7]

█ With respect to the other set-off we are constrained to reach a different conclusion. The right the trustee asserts against the United States is based on the fact that the bankrupt, while insolvent, paid the United States $1,500 to be applied upon the tax liability of a corporation in which he was interested; in other words, the bankrupt made a transfer in fraud of his creditors. As between the bankrupt and the United States the payment was voluntary and was beyond recall by the transferor. See Dent v. Ferguson, 132 U.S. 50, 64, 66, 10 S.Ct. 13, 33 L.Ed. 245. Schermerhorn v. De Chambrun, 2 Cir., 64 F. 195; Drake v. Thompson, 8 Cir., 14 F.2d 933, 935. The right which the trustee asserts to avoid the transaction is not a right of the bankrupt to which he has succeeded, but a right which § 67, sub.d (2) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub.d (2), conferred upon the trustee for the benefit of creditors. The tax claim asserted by the United States was owed by the bankrupt, while the debt it owes, if the $1,500 payment is avoided, is owed to the trustee and was never owed to the bankrupt. Hence the required mutuality between the debts is lacking. In Bennett v. Rodman & English, D.C.E.D. N.Y., 2 F.Supp. 355, affirmed Bennett v. Louis Bossert & Sons, Inc. 2 Cir., 62 F.2d 1064, a trustee in bankruptcy brought suit to recover as a fraudulent conveyance payments made by the bankrupt, while insolvent, on account of debts owing by a third party to the defendant; the defendant sought to set off a debt owed to him by the bankrupt. This was denied on the ground that the debts were not "mutual," and we affirmed without opinion. It seems obvious that the same reason would have precluded set-off had the trustee sought to use his claim to reduce the creditor's proof of claim. The reason the debts are not mutual

---

[6] See General Order 38 and Forms Nos. 28, 29, 30 and 31, 11 U.S.C.A. following section 53. No special form is prescribed for proof of a debt owing to the United States. No. 31 is the form to be used by an agent and would seem the most appropriate to a claim by the United States, though No. 29 (proof for a corporation creditor) might also serve.

[7] Whether the bankruptcy court could enter an affirmative judgment against the United States, if the bankrupt's counterclaim had exceeded the Government's tax claim, is not presented by this record and need not be considered. Cf. United States v. Shaw, 309 U.S. 495, 502, 60 S. Ct. 659, 84 L.Ed. 888; United States v. Biggs, D.C.E.D.Ill., 46 F.Supp. 8, 11.

is because a fraudulent grantee holds the funds he receives in a fiduciary capacity, i. e., as constructive trustee for the transferor's creditors, as explained by Judge Martineau in Lytle v. Andrews, 8 Cir., 34 F.2d 252, 254. It has long been settled that the debt owed by a bankrupt cannot be set off by the creditor against the trustee's claim for money held in trust for the bankrupt. Libby v. Hopkins, 104 U.S. 303, 26 L.Ed. 769. For other cases illustrating lack of mutuality, see Dakin v. Bayly, 290 U.S. 143, 54 S.Ct. 113, 78 L.Ed. 229, 90 A.L.R. 999; McDaniel Nat. Bank v. Bridwell, 8 Cir., 74 F.2d 331; In re Bush Terminal Co., 2 Cir., 93 F.2d 661; In re Bevins, 2 Cir., 165 F. 434. Since the debts were not mutual the court was in error in remanding to the referee for determination on the merits the second asserted set-off.

The order is modified in conformity with the foregoing opinion.