OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Although we agree with the result reached below, we take this occasion to clarify the procedural steps necessary to convert a State tax warrant into a perfected lien upon the property of a delinquent taxpayer. Subdivision (b) of section 1141 of the Tax Law provides that upon docketing of a tax warrant with the county clerk "the amount of such warrant so docketed shall become a lien upon the title to and interest in real and personal property of the person against whom the warrant is issued.”
We interpret this express language to grant the State a perfected lien upon the filing of a tax warrant without the further necessity of a levy. In so holding, we reject the *761 conclusion reached by the Appellate Division that State tax liens, although perfected upon docketing, may be extinguished if a levy is not made within the lifetime of a judgment execution. (See CPLR 5230, subd [c].) In our view, the fact that subdivision (b) of section 1141 authorizes the Sheriff to proceed upon a docketed tax warrant in the same manner as executions issued against property of a judgment debtor refers only to enforcement, as distinguished from perfection of the lien. (See Matter of United Casket Co., 449 F Supp 261, 263-264; cf. Matter of Thriftway Auto Rental Corp., 457 F2d 409, 411-412; Corrigan v United States Fire Ins. Co., 427 F Supp 940, 942-943.) It follows from this analysis that all three State tax warrants constituted perfected liens having priority over respondent’s security interest. Thus, independent of the Federal tax lien, respondent’s collateral was impaired in an amount sufficient to justify the recovery below.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum.
Order affirmed.