## In the Matter of REIBER'S INN OF WESTCHESTER, INC., Bankrupt.

### Bankruptcy No. 79 B 16.

United States Bankruptcy Court,
S. D. New York.

Nov. 19, 1979.

---

Robert B. Schindler, New York City, Trustee in Bankruptcy.

Robert Abrams, Atty. Gen., New York City, Anthony R. Wannick, New York City, of counsel.

## DECISION ON COMPLAINT OF TRUSTEE AND CROSS–MOTION OF INDUSTRIAL COMMISSIONERS OF NEW YORK STATE DEPARTMENT OF LABOR RE TURNOVER OF FUNDS FROM BANK ACCOUNTS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Plaintiff, the trustee in bankruptcy in the above captioned case, and the defendant, Industrial Commissioner of New York State Department of Labor, Unemployment Insurance Division [referred to as the "Department of Labor"] have moved and cross-moved for summary judgment in the trustee's action for a turnover of the proceeds from the bankrupt's bank accounts seized by the Department of Labor after the filing of the involuntary petition in bankruptcy in part satisfaction of unpaid unemployment insurance contributions. The facts are not disputed.

1. On August 7, August 22 and December 11, 1978, warrants for unpaid unemployment contributions were docketed by the

Department of Labor against the bankrupt in the Office of the County Clerk of Westchester County, New York, totalling $10,709.64. The bankrupt then maintained its place of business in Westchester County.

2. On January 4, 1979, an involuntary petition in bankruptcy was filed with this court against the abovenamed bankrupt. The bankrupt at that time maintained three bank accounts in the Elmsford branch of the National Bank of North America, totalling $8368.44.

3. On February 15, 1979, the defendant, Department of Labor, served a tax levy on the National Bank of North America in the sum of $11,323.31 for the proceeds of the bankrupt's three bank accounts.

4. On March 1, 1979 the Bank of North America turned over to the Department of Labor the funds in the bankrupt's accounts, totalling $8368.44, in response to the tax levy.

5. By order of this court, dated April 6, 1979, the bankrupt was adjudicated. The plaintiff was thereafter appointed trustee in bankruptcy and has duly qualified to serve in that capacity.

6. The Department of Labor has not filed a claim in this bankruptcy case, although the State of New York has filed claims in this case.

The plaintiff-trustee's turnover action against the Department of Labor is bottomed on the ground that the proceeds in the bankrupt's bank accounts at the time of the filing of the involuntary petition in bankruptcy constitute property of the estate and that this court has summary jurisdiction to direct the Department of Labor to turnover the funds which it seized after the filing of the petition. The Department of Labor raises the following three points in opposition:

1. Sovereign immunity of the State of New York.

2. The filing of the three prepetition warrants gave the Department of Labor a perfected priority against the trustee in bankruptcy.

3. The Department of Labor may set off its prepetition tax claim against the postpetition tax seizure.

## SOVEREIGN IMMUNITY

The Department of Labor argues that absent waiver or consent, the State of New York is protected under the Eleventh Amendment to the United States Constitution, which provides:

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Hence, the Department of Labor contends the federal courts do not have authority to entertain a suit brought by private parties against a state without its consent, citing: *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 [1974]; *Employees v. Department of Health and Welfare*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 [1973]; *Parden v. Terminal R. Co.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 [1964]; *Kennecott Copper Corp. v. State Tax Commission*, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 [1946]; *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 [1945]; *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 [1944]; *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 [1890]. This position elides the point that the trustee in bankruptcy does not seek to recover taxes or prepetition funds wrongfully withheld by the State; but rather to enforce the provisions of the Bankruptcy Act with respect to property allegedly in *custodia legis*. The Bankruptcy Act was adopted pursuant to the Congressional mandate under Article I, § 8, clause 4 of the United States Constitution "[t]o establish . . . uniform laws on the subject of bankruptcies throughout the United States." If the bank accounts were in *custodia legis*, the Bankruptcy Court would unquestionably have exclusive summary jurisdiction to require any entity that removed such property after the commence-

ment of the case to turnover the improperly seized property. *Cline v. Kaplan*, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 [1944]; *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 [1940]; *Harrison v. Chamberlin*, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897 [1926]; *May v. Henderson*, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870 [1925]; *Taubel-Scott-Kitzmiller v. Fox*, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 [1924]; *White v. Schloerb*, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183 [1900]. On the other hand if the property was not in *custodia legis* the trustee will have no basis for invoking this court's summary jurisdiction. The Department of Labor could then appropriately assert the sovereign immunity of the State of New York. Therefore, the Department of Labor must draw strength from its asserted perfected lien status under its second defense so as to oust the summary jurisdiction of the Bankruptcy Court in order to support its contention of sovereign immunity under its first defense.

## IS THERE A PERFECTED LIEN?

The Department of Labor's claim arose out of the bankrupt's unpaid unemployment insurance contributions. Under § 573, sub. 2 of the New York Labor Law, warrants duly docketed with the county clerk create a "lien upon the title to and *interest in real property and chattels real* of the employer." [Emphasis added]. The statute significantly omits any reference to a lien upon the employer's personal property. A reference is made to personal property in connection with the issuance of a warrant to a sheriff to levy upon and sell real and personal property:

" . . . the [Industrial] Commissioner may issue a warrant under his official seal, directed to the sheriff of any county, commanding him to levy upon and sell the real and personal property which may be found within the county of an employer who has defaulted in payment . . ".

The sheriff is then directed to docket the warrant in the office of the appropriate county clerk. The statute then reads:

"Thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in *real property and chattels real* of the employer against whom the warrant is issued in the same manner as a judgment duly docketed in the office of such clerk." [Emphasis added]

There is another New York State statute which is almost in haec verba as the § 573 sub. 2 of the New York Labor Law, to which neither party referred, namely § 1141(b) of the New York State Tax Law. This law, pertaining to taxes rather than unemployment payments to the Unemployment Insurance Fund, similarly states:

" . . . the tax commission may issue a warrant, directed to the sheriff of any county commanding him to levy upon and sell the real and personal property of any person liable for the tax, which may be found within his county . . . ".

After directing the sheriff to docket the warrant in the office of the county where the property is located, the New York Tax Law then provides:

"Thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in real *and personal property* of the person against whom the warrant is issued."

The omission of "personal property" in the creation of lien status under the New York Labor Law and the inclusion of "personal property" within the pale of the statutory lien under the New York Tax Law is significantly revealing. Had the legislature included the phrase "and personal property" in the New York Labor Law the Department of Labor might then have cited the May 1, 1979 decision of the New York Court of Appeals, in *Marine Midland Bank Central v. Gleason*, 47 N.Y.2d 758, 417 N.Y.S.2d 458, 391 N.E.2d 294 [1979], where the language in § 1141(b) of the New York Tax Law was interpreted to "grant the State a perfected lien upon the filing of a tax warrant without further necessity of a levy." The Department of Labor would then also have cited *In re Thriftway Auto Rental Corp.*, 457 F.2d 409 [2 Cir. 1972], which held

that the docketing of a New York City tax warrant created a choate lien on personal property by reason of the express language in the New York City Administrative Code, and, thus obtained priority over subsequent federal liens. Similarly the Department of Labor might also have wanted to cite *In re United Casket Co. Inc.*, 449 F.Supp. 261, 264 [E.D.N.Y.1978] for the proposition that the filing of warrants with the county clerk for unpaid tax assessments was sufficient to create a perfected lien on the debtor's personal property because § 1141(b) of the New York Tax Law expressly so declared.

Apparently the Department of Labor recognizes that the omission of the phrase "and personal property" in § 573, sub. 2 of the New York Tax Law is of sufficient significance so as not to justify any comparison with the New York Tax Law and the cases decided thereunder. This court is similarly persuaded that the New York Labor Law expressly fails to create any lien on personal property by the docketing of the warrants in question with the office of the county clerk.

The Department of Labor instead argues that its lien arises from the fact that the unsatisfied warrants were in the possession of the Industrial Commissioner who, pursuant to § 573, sub. 2 of the New York Labor Law, was acting with the rights and authority of a deputy sheriff of New York State on behalf of a judgment creditor. Therefore, the Department of Labor presses for the status of a judgment creditor under § 5202 of the New York Civil Practice Law and Rules and states:

"Upon the issuance of an execution, a judgment creditor pursuant to the terms of the Civil Practice Law and Rules, Section 5202 obtains distinct right in the debtor's property, namely a lien against the personal property of the debtor." [P. 6 of the Attorney General's brief]

██ The Department of Labor does not advance its position any further toward a perfected lien status with this argument because under § 5234 of the New York Civil Practice Law and Rules the issuance of an execution to a sheriff requires perfection by

levy. As was stated in *Thriftway Auto Rental Corp.*, supra, p. 411:

"Under the CPLR, . . . [a private judgment] creates no lien at all upon personal property, but merely enables a judgment creditor to obtain a lien through further action, e. g., as against a 'transferee' by delivery of an execution, see CPLR § 5202; as against another judgment creditor by levy, see CPLR § 5234; *City of New York v. Panzirer*, 23 A.D.2d 158, 259 N.Y.S.2d 284, 288 (1st Dep't 1965)."

██ Under the strong-arm clause in § 70c(3) of the Bankruptcy Act the trustee in bankruptcy is given the right of a hypothetical lien creditor as of the date of the filing of the petition, whether or not such a creditor exists. In order for the Department of Labor to prevail in this case it must establish that it obtained a perfected lien prior to January 4, 1979, when the involuntary petition was filed against the bankrupt. Since the Department of Labor did not obtain a lien against the bankrupt's personal property under § 573, sub. 2 of the New York Labor Law and since it did not perfect its lien against other judgment creditors by levy under § 5202 of the New York Civil Practice Law and Rules, it follows that the trustee in bankruptcy, as a hypothetical lien creditor under § 70c(3) of the Bankruptcy Act, has priority and may invalidate the Department of Labor's unperfected interest in the bank accounts in question.

██ Additionally, it should be observed that § 67c(1)(A) of the Bankruptcy Act, provides that every statutory lien which is not perfected or enforceable at the date of bankruptcy against one acquiring the rights of a bona fide purchaser from the debtor on that date is invalid against the trustee in bankruptcy. Under § 5202(a)(1) of the New York Civil Practice Act a judgment creditor's execution rights are not enforceable against "a transferee who acquired the . . . property for fair consideration before it was levied upon . . . ". Therefore the trustee in bankruptcy is hypothesized into the shoes of such a bona fide

transferee so that the unlevied upon interest of the Department of Labor under § 5202 of the New York Civil Practice Law and Rules is invalid against the trustee.

Failing to achieve a validly perfected lien status with priority over the trustee in bankruptcy, the Department of Labor improperly seized funds from the bankrupt's bank accounts that were in *custodia legis*, and with respect to which this court has exclusive and summary jurisdiction. Accordingly, since the Department of Labor's second defense of priority over the trustee must serve as a foundation for its first defense of sovereign immunity, and since the foundation has crumbled, the claim of sovereign immunity must also fall.

### SETOFF

The Department of Labor's third defense is that it should be allowed to setoff against the trustee in bankruptcy the funds that it seized after the filing of the petition against its prepetition claim for the unpaid contributions owed by the bankrupt. The Department of State correctly quotes § 68 of the Bankruptcy Act to provide that:

> "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

In the instant case the debts are not mutual. The debt owed to the Department of Labor is a prepetition obligation of the bankrupt. The Department of Labor's debt arising out of its improper postpetition seizure of the bankrupt's bank accounts is a postpetition obligation owed to the trustee in bankruptcy as the representative of the other creditors and the estate. The Department of Labor's violation of the automatic stay under Bankruptcy Rules 401 and 601 cannot serve as the basis for a setoff against the bankrupt's prepetition obligation. To hold otherwise would result in a depletion of funds held by the Department of Labor as constructive trustee for the creditors of the estate in extinguishment of a debt owed not by the estate but by the bankrupt. It is settled law that the debt owed by a bankrupt cannot be setoff by the creditor against the trustee's claim for money held by the creditor as property of the estate. *Libby v. Hopkins*, 104 U.S. 303, 26 L.Ed. 769; *United States v. Roth*, 164 F.2d 575 [2 Cir. 1948]. This point was stated by the Circuit Court of Appeals for the Second Circuit in *United States v. Roth*, supra at p. 578 as follows:

> "The tax claim asserted by the United States was owed by the bankrupt, while the debt it owes, if the $1,500 payment is avoided, is owed to the trustee and was never owed to the bankrupt. Hence the required mutuality between the debts is lacking."

Based upon the foregoing, the trustee's motion for summary judgment is granted and the cross-motion for summary judgment is denied.

SETTLE ORDER ON NOTICE.