■ Marine Midland Bank-Central, Appellant, v Auburn Inn, Inc., et al., Defendants; John Homik et al., Respondents, and St. Paul Fire & Marine Insurance Co., Intervenor-Respondent. — Order unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: In this mortgage foreclosure action

Special Term correctly denied the motions for a deficiency judgment (RPAPL 1371) but erred in directing plaintiff to pay the St. Paul Fire and Marine Insurance Co. the sum of $9,762.62. The underlying mortgage which covered certain fixtures and articles of personal property in addition to the real property was properly recorded and the UCC-1 financing statement required to protect plaintiff's security interest in the personalty was filed with the Cayuga County Clerk. Plaintiff's then attorneys, however, failed to file the financing statement with the Department of State as required by law. As a result, three New York State tax warrants and one Federal lien gained priority over plaintiff's security interest in such personal property. The State Tax Commission levied on the personal property and after a default occurred on the mortgage, the within foreclosure action was commenced and a judgment of foreclosure and sale entered. At the foreclosure sale, in which plaintiff bid on the premises, a deficiency balance of $78,763.76 was reported. Thereafter, the State Tax Commission held a tax lien sale of the fixtures and articles of personal property and realized the gross amount of $53,690.40 and the net amount of $47,431.38 after the deduction of expenses, no part of which remained to be applied to plaintiff's deficiency. Then, plaintiff commenced a malpractice action against its former attorneys, seeking recovery of the sum of $53,690.40 based on their negligence in failing to file the financing statement with the Department of State. In that action Special Term granted plaintiff partial summary judgment in the sum of $33,141.04, which on appeal we modified by substituting the sum of $47,431.38 as the correct amount of the judgment, which modification was affirmed by the Court of Appeals (*Marine Midland Bank v Gleason,* 62 AD2d 429, affd 47 NY2d 758). St. Paul, the malpractice insurer of defendants in the malpractice action, paid plaintiff the full amount of $47,431.38 and received a court-ordered assignment, secondary to any rights of recourse remaining in plaintiff, against the defendant guarantors of the initial loan. Plaintiff next moved in the within case for an order confirming the referee's report of sale and for a deficiency judgment against the individual guarantors and St. Paul intervened in the action and likewise moved for a deficiency judgment. Thereafter, the fair market value of the foreclosed real property at the time of the sale was fixed at $264,495 (RPAPL 1371) and it was then that Special Term denied the motions for a deficiency judgment and directed plaintiff to return $9,762.62 to St. Paul, which amount the court defined as the "overpayment [by St. Paul] of its obligation under the malpractice policy". We disagree.

Plaintiff's recovery in the malpractice action was based on the value of the loss claimed and it was not dependent upon plaintiff establishing a deficiency in the within action. It now appears that the value of the real property was actually more than the amount bid for it at the foreclosure sale, and that the amount of the deficiency reported in the within action is incorrect and that, in fact, the plaintiff was actually overpaid. However, even though an overpayment existed, Special Term acted beyond its jurisdiction when it modified the judgment of this court in the related, although separate and distinct, cause of action for malpractice. It acted without subject matter jurisdiction and its judgment is void as an unauthorized exercise of revisory or appellate jurisdiction (*Herpe v Herpe*, 225 NY 323).

St. Paul is not deprived of a remedy, however, since it, *inter alia,* may move for a vacatur (see CPLR 5015, subd [a], par 2; Siegel, NY Prac, §§ 426, 428; 5 Weinstein-Korn-Miller, NY Civ Prac, pars 5015.12, 5015.14) or initiate a separate action for unjust enrichment or restitution against plaintiff (see *Morgan v Ellenville Sav. Bank,* 55 AD2d 178, 181, mot for lv to app den 41 NY2d 803). (Appeal from order of Supreme Court, Cayuga County, Donovan, J. — deficiency judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.